AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __PENNSYLVANIA__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| LAWRENCE FUDGE | Case Number: DPAE2:11CR000644-001 |
| **FILED** APR 23 2013 MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk | USM Number: 67663-066 |
| | Roland B. Jarvis, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s) __1, 2 - 7, 8 - 15 and 16 - 33.__

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Conspiracy | 7/30/2011 | 1 |
| 18:1344 & 18:2 | Bank Fraud and Aiding and Abetting | 6/21/2007 | 2 |
| 18:1344 & 18:2 | Bank Fraud and Aiding and Abetting | 2/8/2008 | 3 |
| 18:1344 & 18:2 | Bank Fraud and Aiding and Abetting | 6/27/2008 | 4 |
| 18:1344 & 18:2 | Bank Fraud and Aiding and Abetting | 6/5/2007 | 5 |
| 18:1344 & 18:2 | Bank Fraud and Aiding and Abetting | 8/1/2007 | 6 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 14, 2013
Date of Imposition of Judgment

_Signature of Judge_

Lawrence F. Stengel, U.S. District Judge
Name and Title of Judge

4/20/13
Date

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
         Sheet 1A

Judgment—Page __2__ of __9__

DEFENDANT: LAWRENCE FUDGE
CASE NUMBER: DPAE2:11CR000644-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18:1344 & 18:2 | Bank Fraud and Aiding and Abetting | 7/1/2008 | 7 |
| 18:1029(a)(b) & 18:2 | Access Device Fraud and Aiding and Abetting | 6/30/2008 | 8 |
| 18:1029(a)(b) & 18:2 | Access Device Fraud and Aiding and Abetting | 6/9/2007 | 9 |
| 18:1029(a)(b) & 18:2 | Access Device Fraud and Aiding and Abetting | 7/21/2007 | 10 |
| 18:1029(a)(b) & 18:2 | Access Device Fraud and Aiding and Abetting | 8/2/2007 | 11 |
| 18:1029(a)(b) & 18:2 | Access Device Fraud and Aiding and Abetting | 3/5/2008 | 12 |
| 18:1029(a)(b) & 18:2 | Access Device Fraud and Aiding and Abetting | 10/8/2010 | 13 |
| 18:1029(a)(b) & 18:2 | Access Device Fraud and Aiding and Abetting | 10/8/2010 | 14 |
| 18:1029(a)(b) & 18:2 | Access Device Fraud and Aiding and Abetting | 10/8/2010 | 15 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 12/22/2006 | 16 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 12/26/2006 | 17 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 6/30/2008 | 18 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 3/5/2008 | 19 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 10/8/2010 | 20 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 10/8/2010 | 21 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 5/28/2008 | 22 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 6/3/2008 | 23 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 6/6/2008 | 24 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 6/7/2008 | 25 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 6/2/2008 | 26 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 5/15/2007 | 27 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 5/22/2007 | 28 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 6/21/2007 | 29 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 7/21/2007 | 30 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 7/31/2007 | 31 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 5/30/2007 | 32 |
| 18:1028A(a)(1),(c)(5) & 18:2 | Aggravated Identity Theft and Aiding and Abetting | 2/1/2008 | 33 |

DEFENDANT:      LAWRENCE FUDGE
CASE NUMBER:    DPAE2:11CR000644-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

48 months, as to count 1; 72 months, as to each of counts 2-7; 72 months, as to each counts 8-15; and 24 months, as to count 26, all to run concurrently. The defendant is sentenced to 24 months imprisonment, as to each of counts 16-21 to run concurrently to each other; 24 months, as to each of counts 22-25 to run concurrently to each other; and 24 months, as to each counts 27-33, to run concurrently to each other. These 3 terms of 24 months, should run consecutively to each other and concurrently to the sentence imposed on counts 1, 2-7, 8-15 and 26. **The total term of imprisonment for this defendant is 144 months.** The defendant shall receive credit for time spent in custody from August 11, 2011.

X   The court makes the following recommendations to the Bureau of Prisons:
    The Court recommends that the defendant be housed in an institution as close as possible to Philadelphia, PA. The Court further recommends that the defendant be made eligible for and participate in the Bureau of Prisons' Financial Responsibility Program.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   _____   ☐ a.m.   ☐ p.m.   on   _____ .

    ☐   as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    at or before   _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered _____ to _____
at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: LAWRENCE FUDGE
CASE NUMBER: DPAE2:11CR000644-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years, as to count 1; 5 years, as to counts 2-7, 2 years, as to counts 8-15, all to run consecutively. **The total term of supervised release is 10 years.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: LAWRENCE FUDGE
CASE NUMBER: DPAE2:11CR000644-001

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interests in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

It is further ordered that the defendant shall make restitution in the total amount of $311,878.00. The Court will waive the interest requirement in this case. Payments should be made payable to "Clerk, U.S. District Court", for proportionate distribution to the victims.

The amounts ordered represent the total amounts due to the victims for these losses. The defendant's restitution obligations shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after the sums of the amounts actually paid by all defendants has fully satisfied these losses. The following defendants in the following cases may be subject to restitution orders to the same victims for these same losses:

Shawn Robinson, 11-644-02
Richard Williams, 11-644-03

The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program and provide a minimum payment of $25.00 per quarter towards the restitution and special assessment. In the event the entire restitution and special assessment are not paid prior to the commencement of supervision, the defendant shall satisfy the amounts due in monthly installments of not less than $100.00, to commence 30 days after release from confinement.

The Court finds the defendant does not have the ability to pay a fine. The Court waives the fine in this case.

It is further ordered that the defendant shall pay to the United States a total special assessment of $3,300.00, due immediately.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing address or residence that occurs while any portion of the restitution or special assessment remains unpaid.

DEFENDANT: LAWRENCE FUDGE
CASE NUMBER: DPAE2:11CR000644-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 3,300.00 | $ 0.00 | $ 311,878.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Citizens Bank<br>Attn: Cash Items RSD 270<br>P.O. Box 42011<br>Providence, RI 02940 | $80,950.72 | $80,950.72 | 100% |
| PNC Bank<br>Loss Prevention & Protection Services<br>8800 Tinicum Blvd., 5th Floor<br>M/S: F6-F166-05-M<br>Philadelphia, PA 19153 | $10,073.00 | $10,073.00 | 100% |
| Sovereign/Santander Bank<br>Loss Prevention & Security<br>One Aldwyn Lane, 3rd Floor<br>Villanova, PA 19085 | $77,400.00 | $77,400.00 | 100% |

(List cont'd on pages 7 & 8).

| TOTALS | $ 168423.72 | $ 168423.72 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the ☐ fine X restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LAWRENCE FUDGE
CASE NUMBER: DPAE2:11CR000644-001

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TD Bank<br>Corporate Security & Investigations / Admin. Unit<br>9000 Atrium Way<br>Mount Laurel, NJ 08054 | $27,250.00 | $27,250.00 | |
| Wells Fargo Lockbox Operations<br>Reference Dept. 2038 - Wells Fargo Bank, N.A.<br>Fraud Investigations<br>1740 Broadway - Lower Level 3<br>MAC C7300-L35<br>Denver, CO 80274 | $28,425.00 | $28,425.00 | |
| Bank of America<br>Restitution & Recovery Services<br>Bank of America Plaza<br>800 Market Street<br>St. Louis, MO 63101-2510 | $5,400.00 | $5,400.00 | |
| Attn: Fraud Department<br>HSBC Card Services (Best Buy)<br>P.O. Box 641<br>Buffalo, NY 14240 | $13,518.93 | $13,518.93 | |
| HH Gregg<br>Consumer Relations Department<br>4151 East 96th Street<br>Indianapolis, IN 46240 | $2,172.00 | $2,172.00 | |
| Target AP Recovery<br>Suite 200<br>10542 South Jordan Gateway<br>South Jordan, UT 84095 | $19,736.00 | $19,736.00 | |
| Lowe's Companies, Inc.<br>P.O. Box 1000 - A2ELP<br>Attn: Civil Demand & Restitution<br>Mooresville, NC 28115 | $21,939.00 | $21,939.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LAWRENCE FUDGE
CASE NUMBER: DPAE2:11CR000644-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Home Depot<br>CIT Central Investigations, 4th Floor<br>Attn: Emma Ramirez<br>3800 West Chapman<br>Orange, CA 92868 | $9,127.31 | $9,127.31 | 100% |
| Sears<br>333 Beverly Road<br>A3-220 A<br>Hoffman Estates, IL 60179 | $7,674.05 | $7,674.05 | 100% |
| Susquehanna Bank<br>Attn: Protect/Serve<br>26 N. Cedar Street<br>Lititz, PA 17543 | $1,800.00 | $1,800.00 | 100% |
| Citadel Bank<br>Attn: Security<br>520 Eagleview Boulevard<br>Exton, PA 19341 | $1,800.00 | $1,800.00 | 100% |
| Macy's Civil Recovery<br>219 Perimeter Center Parkway, Suite 112<br>Atlanta, GA 30346 | $2,357.00 | $2,357.00 | 100% |
| Wal-Mart Global Investigations<br>702 SW 8th Street<br>Bentonville, AR 72716-0815 | $2,255.00 | $2,255.00 | 100% |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      LAWRENCE FUDGE
CASE NUMBER:    DPAE2:11CR000644-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

The defendant shall make restitution in the total amount of $311,878.00. The Court will waive the interest requirement in this case. Payments should be made payable to "Clerk, U.S. District Court", for proportionate distribution to the victim. The restitution is due immediately. It is further ordered that the defendant shall pay to the United States a total special assessment of $3,300.00, due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program and provide a minimum payment of $25.00 per quarter towards the restitution and special assessment. In the event the entire restitution and special assessment are not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of not less than $100.00, to commence 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and and corresponding payee, if appropriate.

Joint and Several, as to:
Shawn Robinson, 11-644-02 and Richard Williams, 11-644-03.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.